UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IEASHA R. WARFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 1:24-cv-00541-HAB |
| | ) | |
| v. | ) | |
| | ) | |
| SHARON TUCKER, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff, Ieasha Warfield, proceeding pro se, sued Defendants alleging what appears to be theft or fraud, and requesting petition for provisional release in case currently with the Indiana state trial courts. (ECF No. 1). She seeks leave of Court to proceed without prepayment of the filing fee. (ECF No. 2). Yet this Court must first assure itself that it has jurisdiction to adjudicate the dispute. Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus the Court raises the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff's Complaint is deficient, but the Court will allow her an opportunity to properly plead subject matter jurisdiction.

This Court must have jurisdiction to hear Plaintiff's controversy. To proceed in federal court, Plaintiff has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has not met this burden from the face of the Complaint. (ECF No. 1).

To start, there is no diversity jurisdiction here. Under 28 U.S.C. § 1332(a), the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. Said slightly differently, a plaintiff must establish that **each** defendant is a citizen of a state different from the

plaintiff's state to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000. Plaintiff's Complaint provides that she and Defendants—at least those for which Plaintiff provided an address—are all citizens of Indiana. Plaintiff cannot establish diversity of citizenship if any defendant is citizen of Indiana. Here, Defendants are listed as citizens from the same state as Plaintiff, so she cannot meet the diversity requirement.

Absent diversity jurisdiction, Plaintiff must establish federal question jurisdiction. Under 28 U.S.C. § 1331, Plaintiff's cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." Said differently, Plaintiff's claim must arise under federal law. A federal district court does not have federal question jurisdiction over state-law claims. *See* 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal question jurisdiction arises only when the complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003). Plaintiff's Complaint (ECF No. 1) does not state a claim under any federal law. Nor does Plaintiff's right to relief in this case hinge on the resolution of a substantial question of federal law. Rather, Plaintiff's claims for theft and fraud seem to derive exclusively from Indiana state law. And this Court has no authority to grant provisional release regarding her pending state court case. Based on a fair and liberal reading of the Complaint, Plaintiff's claims appear to arise exclusively from state law.

That said, the Court will give Plaintiff the benefit of the doubt and afford her the opportunity to establish federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint that adequately establishes federal question jurisdiction. The Court also cautions Plaintiff that if she fails to do so, the Court will dismiss her case without further notice.

For these reasons, the Court:

(1) AFFORDS Plaintiff thirty (30) days from the date of this Order to file an amended complaint that adequately establishes federal question jurisdiction;

(2) TAKES Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) under advisement pending Plaintiff's compliance with this Order; and

(3) CAUTIONS Plaintiff that if she does not file an amended complaint which establishes federal question jurisdiction within thirty (30) days, this Court will dismiss the case without further notice.

So ORDERED on January 20, 2025.

                                              s/ *Holly A. Brady*
                                              CHIEF JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT