UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| IEASHA R. WARFIELD, | ) | |
|---|---|---|
| Plaintiff, | ) | Cause No. 1:24-cv-00541-HAB |
| v. | ) | |
| SHARON TUCKER, et al, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff, Ieasha Warfield, proceeding pro se, sued Defendants alleging theft and fraud, and sought leave to proceed without prepayment of the filing fee. (ECF Nos. 1, 2). As plead, Plaintiff's Complaint failed to establish federal subject matter jurisdiction, and the Court raised the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3). (ECF No. 4). The Court ordered Defendant to file an amended complaint that adequately established federal question jurisdiction. (*Id.*). Plaintiff then filed a Motion to Amend (ECF No. 5) the Complaint, which the Court construes as her Amended Complaint. Plaintiff's Amended Complaint (ECF No. 5) still fails to establish federal question jurisdiction that would provide this Court with authority to adjudicate her dispute. The Court thus is without subject matter jurisdiction, and this case will be DISMISSED.

This Court must have jurisdiction to hear Plaintiff's controversy. To proceed in federal court, Plaintiff has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has not met this burden from the face of the Amended Complaint. (ECF No. 5). Absent diversity jurisdiction,[1] Plaintiff must establish federal question jurisdiction.

---

[1] The Court previously determined that Plaintiff cannot establish diversity jurisdiction for the reasons outlined in its prior Order (ECF No. 4).

Under 28 U.S.C. § 1331, Plaintiff's cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." Said differently, Plaintiff's claim must arise under federal law. A federal district court does not have federal question jurisdiction over state-law claims. *See* 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal question jurisdiction arises only when the complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003). Plaintiff's Amended Complaint (ECF No. 5) does not state a claim under any federal law. Nor does Plaintiff's right to relief in this case hinge on the resolution of a substantial question of federal law.

Plaintiff explicitly asserts four causes of actions against Defendants: breach of contract, fraud, conversion, and constructive fraud. All of those are state law claims which do not confer federal question jurisdiction. Even though Plaintiff does not outright say it, she does mention mail fraud in her Amended Complaint perhaps as a basis for federal question jurisdiction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). But the federal criminal mail fraud statute, 18 U.S.C. § 1341, does not provide a private right of action. *See Rader v. Ally Fin., Inc.,* No. 24-2546, 2025 WL 274460, at *2 (7th Cir. Jan. 23, 2025). If Plaintiff were attempting to use that statute as a jurisdictional

2

hook, it would be to no avail. That said, Plaintiff's Amended Complaint fails to establish subject matter jurisdiction and dismissal is appropriate.

For these reasons, Defendant's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) and Motion to Amend (ECF No. 5) are DENIED, and this case is DISMISSED WITHOUT PREJUDICE.

So ORDERED on March 3, 2025.

    s/ *Holly A. Brady*
    CHIEF JUDGE HOLLY A. BRADY
    UNITED STATES DISTRICT COURT